UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BANK OF NEW YORK MELLON,

    Plaintiff,

v.    Case No. 8:19-cv-336-T-60JSS

RESOLUTION PROPERTIES TRUST
LLC, JOLCELI F. SOUZA, ZILDILAINE
FURTADO, UNKNOWN SPOUSE OF
CHARLES FISHER, STATE OF
FLORIDA DEPARTMENT OF
REVENUE, CLERK OF CIRCUIT
COURT OF HILLSBOROUGH COUNTY,
CITY OF TAMPA, FLORIDA,
QUINTESSA HOMEOWNERS
ASSOCIATION INC., and CHARLES W.
FISHER,

    Defendants.
_____/

## **ORDER**

Before this Court is plaintiff The Bank of New York Mellon's Motion to Remand to State Court and for Attorneys' Fees and Costs (Doc. # 11), filed on March 11, 2019. In response, pro se defendant Charles W. Fisher filed multiple objections to the Motion. (Doc. ## 13, 16, 21, 22). For the reasons that follow, the Motion is granted.

### I.   **Background**

On November 16, 2018, Bank of New York initiated this action in the Circuit Court of the Thirteenth Judicial Circuit, In and For Hillsborough County, Florida. (Doc. # 1-1). According to the Complaint, Bank of New York

seeks foreclosure of a residential mortgage executed by defendants Jolceli F. Souza and Zildilaine Furtado securing a promissory note with a remaining balance of $321,623.94. (*Id.* at ¶11). The Complaint also lists "Unknown Tenant in Possession of Subject Property" as one of the defendants, who was later identified as Fisher. (*Id.* at ¶ 22). Fisher was served process on January 8, 2019. (Doc. # 1 at ¶ 4). On January 23, 2019, Fisher filed his answer, affirmative defenses, and counterclaims in state court. (Doc. # 1-2). Among other things, Fisher brings counterclaims for misrepresentation, fraud, and violations of various federal statutes, including the Fair Debt Collection Practices Act. (*Id.* at 31-32, 48-50). Thereafter, Fisher removed this action to federal court on February 7, 2019. (Doc. # 1).

**II.     Remand**

Bank of New York contends Fisher's removal was improper and seeks to remand this action back to state court. (Doc. # 11 at 4-5). In removed cases, 28 U.S.C. § 1447(c) specifies, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state

court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

In his Notice of Removal, Fisher contends "[t]his case is a civil action over which this court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332." (Doc. # 1 at 3). "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). According to Fisher, the amount-in-controversy requirement is met because Souza and Furtado owe $321,623.94 under the promissory note. (Doc. # 1 at 3). Fisher also contends there is complete diversity of citizenship because he is a resident of Florida and Bank of New York is incorporated in Delaware with a principal place of business in New York. (*Id.* at 3).

However, Fisher is not the only defendant in this action, and the Complaint and Notice of Removal contain insufficient allegations to establish the remaining defendants' citizenship. For example, Fisher alleges defendant Resolution Properties Trust LLC's "address is 10605 Marsanne Place Riverview, Florida 33578." (*Id.* at 4). Yet a limited liability company, such as Resolution Properties, "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, allegations of Resolution Properties' address are insufficient to establish its citizenship.

3

Furthermore, the Complaint and Notice of Removal are devoid of any allegations of the citizenships of defendant Quintessa Homeowners Association Inc., Souza, and Furtado.

Yet even with proper allegations of the parties' citizenships, removal on the basis of diversity jurisdiction is not warranted. Under the forum-defendant rule, an action that is otherwise removable to federal court solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014). This action was initiated in Florida state court, and Fisher is a citizen of Florida. (Doc. # 1 at 3). Thus, Fisher may not remove this action on the basis of diversity jurisdiction. *See Wells Fargo Bank, N.A. v. Benjamin*, No. 6:16-cv-1655-Orl-41DAB, 2016 WL 6652468, at *2 n.6 (M.D. Fla. Sept. 29, 2016) (noting removal based on diversity jurisdiction was not permissible because "[t]his foreclosure action was brought in Circuit Court in Florida, and [the removing defendant] is a resident of Orange County, Florida").

Fisher also contends in his Notice of Removal that this action is "being moved on several other questions of federal law and violation[s] of U.S.C. but not limited to 42 U.S.C. sec.1983, 18 U.S.C. §§ 513 FALSE UTTER, SEC, FTC, TILA, FDPA, FDCPA, Public Law preservation of homeowner's equity

4

interest, U.S. Constitution Article I, First, Seventh, [and] Fourteenth Amendments." (Doc. # 1 at 1-2). In other words, Fisher appears to contend this Court has federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of Section 1331, the well-pleaded complaint rule is used to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (quotation marks and citations omitted).

Here, the Complaint includes a single mortgage foreclosure claim, which arises under state law. (Doc. # 1-1). Bank of New York does not assert a cause of action under any federal statute, nor is there any suggestion that Bank of New York's right to foreclose depends on the resolution of a federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" (quotation marks and citations omitted)).

Furthermore, to the extent some of Fisher's affirmative defenses and counterclaims are premised on federal law, such allegations do not support

5

removal. *See Grant v. Rotolante*, No. 6:13-cv-168-Orl-TBS, 2013 WL 2155076, at *6 (M.D. Fla. May 17, 2013) ("It is well established that a defense or counterclaim presenting a federal question cannot create removal jurisdiction."). Thus, Fisher may not remove this action on the basis of federal question jurisdiction either. *See Bank of New York v. Oviatt*, No. 6:16-cv-782-Orl-40DAB, 2016 WL 11583057, at *2 (M.D. Fla. May 12, 2016) (remanding state foreclosure action because removal was not permissible under well-pleaded complaint rule based on defendant's federal counterclaims).

In sum, Fisher has failed to carry his burden of establishing diversity or federal question jurisdiction. Consequently, this action is remanded for lack of subject matter jurisdiction.

### III. <u>Attorneys' Fees and Costs</u>

Bank of New York also seeks "attorneys' fees and costs as sanctions against Fisher for this improper removal." (Doc. # 11 at 5). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court may award attorneys' fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quotation marks and citations omitted).

A review of the record reveals that Fisher did not have an objectively

reasonable basis to remove this case to federal court. Fisher failed to demonstrate the parties were diverse or the existence of a federal question. Tellingly, none of Fisher's four objections to Bank of New York's Motion addressed this Court's jurisdiction. Instead, among other things, the objections focused on Bank of New York's counsel's failure to provide documents of its relationship with Bank of New York, Fisher's ownership interest in the property, and various tax issues. (Doc. ## 13, 16, 21, 22). Even considering Fisher's pro se status, the clear statutory provisions under which he was removing and his failure to adequately respond to the Motion weigh against a finding of objective reasonableness. *See Lost Mt. Homeowners Ass'n v. Rice*, 248 F. App'x 114, 116 (11th Cir. 2007) (affirming district court's award of attorneys' fees against pro se defendant for his improper removal). Bank of New York is entitled to compensation to offset the costs associated with responding to Fisher's improper removal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff The Bank of New York Mellon's Motion to Remand to State Court and for Attorneys' Fees and Costs (Doc. # 11) is **GRANTED**.

(2) Bank of New York is hereby **GRANTED** costs and fees in the amount of $750.00. This award shall bear post-judgment interest at the rate prescribed by 28 U.S.C. § 1961, accruing from the date final judgment

is entered.

(3) This action is **REMANDED** to state court for lack of subject matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of July, 2019.

*/s/ Tom Barber*

TOM BARBER
UNITED STATES DISTRICT JUDGE